# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **GECKO GRAPHICS, LLC** | * | **CIVIL ACTION:** |
| | * | |
| **VERSUS** | * | **JUDGE:** |
| | * | |
| **BANKERS INSURANCE COMPANY** | * | **MAGISTRATE JUDGE:** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

Bankers Insurance Company files this Notice of Removal of this cause from the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, in which it is now pending, to the United States District Court for the Middle District of Louisiana. This removal is predicated upon the fact that there is diversity of citizenship between the parties in this litigation and the amount in controversy exceeds the federal jurisdictional amount, exclusive of interest and costs.

1. This case was commenced in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, with citation and plaintiff's Petition for Damages. The Petition is based on a First-Party Insurance Policy claim for Hurricane-Related Damages setting forth the claim for relief upon which this action is based. Pursuant to 28 U.S.C. 1446(a), copies of all process, pleadings and all orders of the court in the state action are attached hereto. Exhibit 1 *in globo.*

2. This action is one of a civil nature for alleged property damages and penalties and attorney's fees.

3. Upon information and belief, and as indicated by the Louisiana Secretary of State, plaintiff is a Louisiana limited liability company authorized to do and doing business in the State

of Louisiana, and its sole member manager is a citizen of, and domiciled in, the state of Louisiana. Exhibit "3".

3.  The sole defendant, Bankers Insurance Company, is a foreign insurance corporation which is incorporated and domiciled in the state of Florida.

4.  The above-described action is one over which this court has original jurisdiction under the provisions of 28 U.S.C. 1332.  The original Petition for Damages did not make any allegations regarding the amount in controversy, nor did it make any allegations that the amount in controversy did or did not exceed $75,000.00.

5.  Article 893, Louisiana Code of Civil Procedure, requires that plaintiff indicate in the petition that the amount in controversy does not exceed $75,000.00 in order to avoid removal. ***Ditcharo v. United Parcel Service, Inc.,*** 376 Fed.App. 432 (5th Cir. (La) 2010), states:

> Appellants further argue that the amount in controversy requirement was not satisfied because Appellants specifically limited their damages to less than $75,000.00 in their pleadings. "[I]f a defendant in a Louisiana suit can produce evidence sufficient to constitute a preponderance showing that, regardless of the style or wording of the demand, the amount in controversy actually exceeds §1332's jurisdictional threshold,…[t]he plaintiff can defeat diversity jurisdiction only by showing to a 'legal certainty' that the amount in controversy does not exceed $75,000.00." *Grant,* 309 F.3d at 869 (citing *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1412 (5th Cir. 1995) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938))). Plaintiffs may attempt to establish such "legal certainty" by submitting a "binding stipulation or affidavit" with their complaint, stating that they affirmatively seek less than the jurisdictional threshold, and further stating that they will not accept an award that exceeds that threshold. *See De Aguilar,* 47 F.3d at 1412 (quoting *In Re Shell Oil Co.,* 970 F.2d 355, 356 (7th Cir. 1992 (per curiam)).

Plaintiff did not so indicate in the original Petition.

6.  Counsel for plaintiff has advised that damages do exceed $75,000.00.  Exhibit "2".

7.  Plaintiff did not indicate the lack of federal jurisdiction in the petition.

8.  Notwithstanding the above in paragraphs number 6 and 7, on information and belief

the demands of bad faith penalties, which would include attorney's fees, made in the Petition combined with the correspondence received from counsel for Gecko Graphics, LLC, plaintiff is, in fact, seeking damages in excess of the diversity jurisdictional amount of $75,000.00 exclusive of interest and costs.

Respectfully submitted,

UNGARINO & MALDONADO, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing pleading upon all counsel of record, either by
x    **electronic delivery**,
☐    facsimile, or by
☐    United States mail, properly addressed and first class postage prepaid on the 11th day of September, 2023.

/s/ Warren J. Greenwood, Jr.
WARREN J. GREENWOOD, JR.

**/s/ WARREN J. GREENWOOD, JR.**
**WAYNE R. MALDONADO (#19076)**
**WARREN J. GREENWOOD, JR. (#14312)**
**BRETT F. WILLIE (#26755)**
**HOY R. HUGHES (#26932)**
**3850 North Causeway Blvd., Ste. 1280**
**Metairie, Louisiana 70002**
**Telephone/Facsimile: 504/836-7556**
**wgreenwood@ungarino.com**
**wmaldonado@ungarino.com**
**bwillie@ungarino.com**
**hhughes@ungarino.com**